IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TYRONE NUNN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 3:10cv121-MHT |
| | ) (WO) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court pursuant to the petitioner's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which was filed on February 3, 2010.[1] In February 2009, the petitioner pled guilty to various federal controlled substance offenses. The petitioner's direct appeal remains pending before the United States Court of Appeals for the Eleventh Circuit. *See United States v. Dunn*, 09-13534-E (docketed July 13, 2009).

In his instant motion, the petitioner once again presents his claim that the federal government lacked jurisdiction to prosecute him for the crimes to which he pled guilty. The petitioner has raised this claim in numerous motions before this court, all of which have been denied. Moreover, the petitioner has raised this claim in at least one prior motion under 28

---

[1] Although the § 2255 motion is date stamped "received" in this court on February 16, 2010, it was signed by the petitioner on February 3, 2010. A *pro se* inmate's petition is deemed filed on the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the petitioner's § 2255 motion] was delivered to prison authorities the day [he] signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

U.S.C. § 2255, which was dismissed without prejudice upon the court's finding that, due to the pendency of the petitioner's direct appeal, this court lacked jurisdiction over the petitioner's § 2255 motion. *See Nunn v. United States*, Civil Action No. 3:09cv690-MHT (Doc. Nos. 2, 5 & 6); *see also United States v. Nunn*, Criminal Case No. 3:08cr28-MHT (Doc. Nos. 124, 128, 134 & 135).

As explained in *United States v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990), and as explained to the petitioner in this court's previous rulings, a district court lacks jurisdiction over a petitioner's § 2255 motion during the pendency of the petitioner's direct appeal. *See also, e.g., United States v. Dunham*, 240 F.3d 1328, 1329-30 (11th Cir. 2001). Although this court has several times now advised the petitioner that it lacks jurisdiction to entertain a § 2255 motion or any other "post-conviction" petition challenging the petitioner's convictions and sentence during the pendency of the petitioner's direct appeal, the petitioner nevertheless remains impervious to the court's counsel in this regard. Once again, upon consideration of the petitioner's § 2255 motion, this court finds that his motion should be dismissed without prejudice because this court lacks jurisdiction to consider the motion.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petitioner's 28 U.S.C. § 2255 motion be DENIED without prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or

before March 4, 2010. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 19th day of February, 2010.

/s/Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE